THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER LAKKIS | : | |
| | : | |
| **Plaintiff,** | : | |
| v. | : | **3:12-CV-1024** |
| | : | **(JUDGE MARIANI)** |
| FREDERICK LAHOVSKI and | : | |
| JOE CHACKE | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

Presently before the Court are two motions filed by the Plaintiff. In the first motion,

Plaintiff moves "to Reopen Case and Enforce Settlement." (Doc. 93). In the second motion,

Plaintiff moves "to Reinstate Action." (Doc. 95). For the reasons that follow, Plaintiff's

Motion to Reopen Case and Enforce Settlement will be denied, and Plaintiff's Motion to

Reinstate Action will be granted.

## I.    INTRODUCTION AND PROCEDURAL HISTORY

On May 31, 2013, Plaintiff initiated this action by filing a complaint pursuant to 42 U.S.C.

§ 1983, alleging that Defendants violated his First Amendment right to free speech. (Doc.

1). By Memorandum and Order dated November 5, 2012, this Court granted Defendants'

motion to dismiss, but granted Plaintiff leave to file an amended complaint. (Docs. 15, 16).

Plaintiff thereafter filed an amended complaint on November 20, 2012. (Doc. 17).

Defendants then filed a motion to dismiss the amended complaint. (Doc. 18). This Court granted Defendants' motion on May 30, 2013, but granted Plaintiff leave to file a second amended complaint. (Docs. 37, 38).

Plaintiff filed a second amended complaint on June 11, 2013, (Doc. 39), and a third amended complaint on June 14, 2013. (Doc. 40). Defendants moved to dismiss the third amended complaint on June 28, 2013. (Doc. 41). On January 30, 2014, this Court granted in part and denied in part Defendants' motion to dismiss. (Docs. 54, 55). Pursuant to the Court's January 30, 2014, Memorandum and Order, Plaintiff's only remaining claim relates to the alleged First Amendment retaliation following the commencement of this litigation.

Defendants' moved for summary judgment on April 30, 2014, (Doc. 57), and on April 21, 2015, the Court granted in part and denied in part Defendants' motion. (Docs. 64, 65). Thereafter, the Court issued an order scheduling the final pretrial conference for November 24, 2015. On November 23, 2015, Robin Snyder, Defendants former counsel, wrote a letter advising the Court "that the parties have reached an agreement to resolve this matter," and requested "an Order dismissing this matter." (Doc. 85). Later that same day, the Court issued an Order dismissing the case "without prejudice to the right, upon good cause shown within sixty (60) days, to reinstate the action if settlement is not consummated." (Doc. 86).

On January 8, 2016, Plaintiff filed a Motion to Reopen Case and Enforce Settlement, (Doc. 93), and on January 18, 2016, Plaintiff filed a Motion to Reinstate Action. (Doc. 95).

2

## II.    STATEMENT OF FACTS

Plaintiff asserts that the parties agreed to resolve this matter, and that Defendants' counsel informed the Court that settlement had been reached and to issue a 60 day order. (Doc. 93, at 1).  Thereafter, Defendants' counsel provided Plaintiff with a draft settlement agreement that provides for no admission of liability.  (*Id.*).  On December 31, 2015, Plaintiff was informed by Defendant Lahovski's new counsel that he did not and will not consent to settlement.  (*Id.* at 2).  It is Plaintiff's position that settlement has already been agreed to and therefore Defendant Lahovski has no grounds to object to the settlement.  (*Id.*).

Defendant Lahovski, in contrast, denies ever agreeing to the terms of a settlement. (Doc. 97, at 1).  In support of his position, Defendant Lahovski has submitted an affidavit averring that:  (1) he never agreed to settle the litigation; (2) he never authorized his former attorney Robin Snyder to settle the lawsuit on his behalf; and (3) he never communicated to Plaintiff or Plaintiff's attorney that (a) he had agreed to settle the litigation, or (b) that his counsel was authorized to settle the litigation on his behalf.  (Doc. 97-2).  Accordingly, it is Defendant's position that there was never any settlement reached between the parties and therefore the Court should deny Plaintiff's Motion to Reopen Case and Enforce Settlement. (*Id.* at 2).

### III.   ANALYSIS

#### A. Motion to Reopen Case and Enforce Settlement

The entirety of Plaintiff's argument set forth in his opening brief in support of his Motion

to Reopen Case and Enforce Settlement is as follows:

> There is a strong judicial policy in favor of voluntarily settling lawsuits because it reduces the burden on the courts and expedites the transfer of money into the hands of the complainant." *Mastroni-Mucker v. Allstate Ins. Co.,* 976 A.2d 510 (2009). "Where a settlement agreement contains all the requisites for a valid contract, a court must enforce the terms of the agreement.  This is true even if the terms of the agreement are not yet formalized in writing." *Id.*

> Here, Defendants agreed to settle this matter.  (See Exhibit "A").  Consequently, Defendants cannot now back out of the settlement that they agreed to because it prejudices Plaintiff, who gave up his trial date with the understanding that the case settled.  Therefore, we request this Court enforce the agreement that Defendants made.

(Doc. 94).  Notably, Plaintiff makes no attempt to argue, in either his opening or reply brief,

that all the requisites for a valid contract have been established.

Defendant Lahovski opposes Plaintiff's Motion to Reopen Case and Enforce Settlement,

maintaining that Plaintiff's motion should be denied "because Plaintiff has failed to meet his

burden of producing evidence proving that an agreement to settle was reached with Mr.

Lahovski.  To the contrary, the evidence demonstrates that there was no meeting of the

minds necessary to create a contract to settle." (97-1, at 1).  The Court agrees with

Defendant and finds that Plaintiff's Motion to Reopen Case and Enforce Settlement is wholly

without merit.

4

Motions to enforce settlement agreements are subject to the same standard applicable to motions for summary judgment. *See Tiernan v. Devoe*, 923 F.2d 1024, 1031 (3d Cir. 1991). The Court "must treat all of the non-movant's assertions as true, and when these assertions conflict with those of the movant, the former must receive the benefit of the doubt." *Id.* at 1032 (internal citation and quotation marks omitted). "Thus, in order to prevail on a motion to enforce a settlement, the movant must demonstrate that there are no disputed material facts regarding the terms and existence of the contract." *Long v. EquiCross, Inc.*, Civil Action No. 13-0061, 2014 WL 1391041, at *2 (W.D. Pa. Feb. 27, 2014) (citing *Tiernan*, 923 F.2d at 1031-32).

"Settlement agreements are essentially contracts, and basic contract principles apply to their interpretation." *Williams v. Patterson-UTI Drilling Co. LLC*, Civil Action No. 3:12-CV-134, 2013 WL 5274860, at *1 (M.D. Pa. Sept. 17, 2013). Under Pennsylvania law, "[t]he essential elements of a contract are an offer, acceptance, and consideration or a mutual meeting of the minds." *Riviello v. First Nat'l Cmty. Bank*, Civil Action No. 3:10-2347, 2013 WL 1348259, at *1 (M.D. Pa. Apr. 3, 2013). "As with all contracts, in the formation of an enforceable settlement agreement, 'the minds of the parties should meet upon all of the terms, as well as the subject matter.'" *Id.* (quoting *Mazzella v. Koken*, 559 Pa. 216, 739 A.2d 531 (Pa. 1999)). "If there are matters yet to be determined about the essential terms of a settlement, there is no agreement to enforce." *Id.*

In addition, Pennsylvania law requires that an attorney possess express authority in order to settle a client's claim. *See Polzer v. Allegheny Cnty.*, 599 F. App'x 425, 426 (3d Cir. 2015) ("In Pennsylvania, 'an attorney must have express authority to settle a cause of action for the client.'") (quoting *Rothman v. Fillette*, 503 Pa. 259, 469 A.2d 543, 545 (1983)). "Express authority empowering an attorney to settle a client's claim 'must be the result of explicit instructions regarding settlement.'" *Pisarz v. PPL Corp.*, No. 4:10-cv-01432, 2014 WL 220778, at *1 (M.D. Pa. Jan. 21, 2014) (quoting *Tiernan*, 923 F.2d at 1033). "An attorney-client relationship does not, without more, confer upon the attorney the authority to settle his client's case." *Smith v. Delaware Valley Auto Spring Co.*, 642 F. Supp. 1112, 1115 (E.D. Pa. 1986) (citations omitted). Accordingly, "an attorney may not enter a settlement on behalf of his client without the client's grant of express authority, and such express authority can only exist where the principal specifically grants the agent the authority to perform a certain task on the principal's behalf." *Polzer*, 599 F. App'x at 426-27 (internal citation and quotation marks omitted).

Based on the evidence before the Court, the Court is far from convinced that Plaintiff and Defendant entered into a binding and valid settlement agreement. Defendant Lahovski has submitted an affidavit, under penalty of perjury, averring that he never authorized his former counsel to enter into an agreement to settle the litigation on his behalf, and that he never intended to enter into a settlement agreement. (Doc. 97-2). Plaintiff does not dispute Defendant's assertions, and points to no facts establishing that Defendant's former counsel,

Robin Snyder, possessed express authorization to settle this matter.  Nor does Plaintiff point to any evidence (other than a copy of a settlement agreement submitted along with his reply brief that is plainly identified as a "draft") to demonstrate the parties' alleged meeting of the minds with respect to the terms of the purported settlement agreement.[1]  (Doc. 98-1).  "[A]s the party seeking to enforce a purportedly valid settlement agreement," Plaintiff "bears the burden of proving that Mr. [Lahovski] granted the authority to enter into the agreement to his attorney," and also must demonstrate that all the requisites of a valid contract are satisfied.  *Pisarz*, 2014 WL 220778, at *1.  "[W]here the evidence does not provide sufficient clarity to carry this burden of proof on the existence and terms of the settlement agreement" the Court must deny a motion to enforce the settlement agreement.  *Giambra v. Storch*, Civil No. 3:14-CV-1084, 2015 WL 3651688, at *4 (M.D. Pa. June 11, 2015).

In sum, the evidence submitted by the parties fails to establish the existence of a valid and binding settlement agreement.  *See URS Fed. Support Servs., Inc. v. Int'l Ass'n of Machinists & Aerospace Workers*, No. 3:13-CV-02632, 2011 WL 12478042, at *1 (M.D. Pa. Aug. 29, 2011) (before a settlement agreement can be enforced "the Court must be

---

[1] Plaintiff also submits an e-mail from Defendant's former attorney in which the attorney "confirm[s] that *we* have agreed to resolve this matter . . . in exchange for a general release executed by Mr. Lakkis." (Doc. 98) (emphasis added).  However, the e-mail cited by Plaintiff makes no mention of Mr. Lahovski.  Nor does Plaintiff make any attempt to identify the individuals referred to as the "we" who "agreed to resolve this matter." (*Id.*).  The e-mail is no way indicates that the parties had a meeting of the minds as to all essential terms of the settlement, or even that Plaintiff agreed to Defendant's settlement offer.  *See id.* ("As part of the settlement, we will draft language, acceptable to both sides, to ensure that any money/claims due to Lakkis from his social security benefits or pension, will be excluded from the release.  I will draft a release and get it to you, in draft form, early next week at the same time that I send it to my clients and the carrier.  If you have proposed changes, you can let me know and we will get together a version compatible to all.").

.

convinced that the parties reached the requisite meeting of the minds on all essential terms and also expressed a mutual intent to be bound thereby"). It was Plaintiff's burden to demonstrate the existence of a valid contract, and that Mr. Lahovski expressly granted the authority to his attorney to enter into the purported settlement agreement; he came nowhere close to satisfying that burden. Accordingly, the Court concludes there is no valid and enforceable settlement agreement between the parties and therefore Plaintiff's Motion to Reopen Case and Enforce Settlement will be denied.

## B. Motion to Reinstate Action

The Court next will address Plaintiff's Motion to Reinstate Action. (Doc. 95). As set forth in the Court's November 23, 2015, Order, this case was dismissed "without prejudice to the right, upon good cause shown within sixty (60) days, to reinstate the action if settlement is not consummated." (Doc. 86). As discussed, settlement was not consummated between Plaintiff and Defendant Lahovski. Within 60 days of the Order dismissing this case, Plaintiff filed its Motion to Reinstate Action on January 18, 2016. The Defendant did not file a brief in opposition to Plaintiff's motion. Accordingly, the Court will deem Plaintiff's Motion to Reinstate Action unopposed. *See Freeman v. Northumberland Cnty.*, Civil No. 3:10-CV-2502, 2015 WL 5512524, at *2 (M.D. Pa. Sept. 15, 2015) ("M.D. Pa. Local Rule 7.6 provides that any party who fails to file an opposing brief shall be deemed not to oppose the motion."). Because the Court concludes that settlement has not been consummated between Plaintiff and Defendant, and because Defendant's failure to file a brief in opposition

to Plaintiff's Motion to Reinstate Action will be deemed consent to the motion, the Court finds that good cause exists to reinstate the action. Thus, Plaintiff's Motion to Reinstate Action will be granted.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Reopen Case and Enforce Settlement, (Doc. 93), will be denied. Plaintiff's Motion to Reinstate Action, (Doc. 95), will be granted. A separate order follows.

Robert D. Mariani
United States District Judge